```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
KEVIN L. JEFFERSON,

                Plaintiff,
                                        MEMORANDUM & ORDER
        -against-                       13-CV-5649(JS)(ARL)

JUDITH CHICARA, Parole Officer;
JOHN ERICKSEN, Senior Parole
Officer; WILL WOE, Warrant Officer;
GARY GOE, Arresting Police Officer;
NOEL NOE, Transport Police Officer;
CARL COE, Records Room Officer;
JACK JOE, Intake Officer; PETE POE,
Bull Pen Booking Officer; and
COUNTY OF SUFFOLK,

                Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Kevin L. Jefferson, pro se
                    6 Boonar Street
                    Mastic, NY 11950

For Defendants:     No appearances.

SEYBERT, District Judge:
```

On October 8, 2013, pro se plaintiff Kevin L. Jefferson ("Plaintiff") filed an in forma pauperis civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against Parole Officer Judith Chicara ("Chicara"); Senior Parole Officer John Ericksen ("Ericksen"); an unnamed parole Officer identified by Plaintiff as Warrant Officer WILL WOE ("Woe"); five unnamed Suffolk County Police and/or Corrections Officers identified by Plaintiff as Arresting Police Officer GARY GOE ("Goe"), Transport Police Officer NOEL NOE ("Noe"), Records Room Officer CARL COE ("Coe"), Intake Officer JACK JOE ("Joe"), and Bull Pen Booking Officer PETE

POE ("Poe") and the County of Suffolk ("the County" and collectively, "Defendants"). Accompanying the Complaint is an application to proceed in forma pauperis. Upon review of the declaration in support of Plaintiff's application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, Plaintiff's application to proceed in forma pauperis is GRANTED. However, for the reasons that follow, the action is sua sponte DISMISSED IN PART.

BACKGROUND[1]

Plaintiff alleges that he was arrested on March 22, 2011 by Goe for a violation of his post-release supervision. (Compl. at 3, ¶ 1.) According to the Complaint, Plaintiff was taken by Goe to the Seventh Precinct where he was booked and was then visited by Chicara. (Compl. at 4, ¶¶ 2-3.) Chicara presented Plaintiff with a notice of violation and a violation of release report and had Plaintiff sign the "acknowledgment of receipt" for the notice of violation. (Compl. at 4, ¶¶ 3-4.) Plaintiff claims that he was not permitted to read these papers. (Compl. at 4.) Shortly thereafter, Plaintiff was transported by Noe to the Riverhead Jail pending the resolution of the post-release revocation hearing.

---

[1] All allegations in the Plaintiff's Complaint are presumed to be true for the purposes of this Memorandum and Order.

2

(Compl. at 4, ¶ 6.)

Once at the Riverhead Jail, Plaintiff encountered Poe and Joe, who are alleged to have asked Plaintiff questions to ascertain his "pedigree information" and Plaintiff asked Noe for a copy of the temporary detention warrant for Plaintiff. (Compl. at 5, ¶¶ 7-11.) Plaintiff describes that Poe and Joe reviewed all of the paperwork pertaining to Plaintiff that had been given to them by Noe and were unable to locate the warrant. (Compl. at 5, ¶ 12.) Plaintiff was then placed in a segregation cell while Noe called the Seventh Precinct and the Department of Parole's Suffolk Office. (Compl. at 5, ¶¶ 13-14.) Thereafter, Plaintiff was advised that the jail was going to receive him into custody. (Compl. at 6, ¶ 15.) Plaintiff claims to have inquired as to whether the warrant had been delivered to the jail and was advised by Poe that the warrant had not been delivered but that the parole office would bring the paperwork the next day. (Compl. at 6, ¶ 17.)

Plaintiff filed a petition for writ of habeas corpus in the New York Supreme Court, Suffolk County, alleging that his detention was unlawful given the absence of a warrant. (Compl. at 7, ¶ 24.) At the first appearance before the habeas court, Plaintiff was presented with a "certified copy" of the parole warrant for his retaking and temporary detention. (Compl. at 7,

¶ 25.) This warrant was authored by Woe.[2] Plaintiff claims that this warrant is fraudulent in that <u>inter alia</u>, it was dated after Plaintiff was arrested. This "so-called 'CERTIFIED COPY' of the alleged warrant was authored by Woe, who, on March 23, 2011, attested, as fact, that a parole warrant did issue . . . on March 22, 2011." (Compl. at 7, ¶ 26.)

As a result of the foregoing, Plaintiff claims that his arrest, transport to the Riverhead Jail, and temporary detention by the Riverhead Jail were unlawful and in violation of his Fourth and Fourteenth Amendment rights since no warrant had been issued at the time he was detained. (Compl. at 6, ¶¶ 18-21.) Plaintiff alleges that "Defendant Ch[i]cara set this entire chain of events leading to Plaintiff's unlawful detention by telling Defendant Goe that Plaintiff was wanted for a parole violation knowing fully that no warrant for Plaintiff's retaking and temporary detention had ever been issued." (Compl. at 6, ¶ 21.) For relief, Plaintiff seeks to recover, against each Defendant, a compensatory damages award in the amount of $150,000 as well as $300,000 in punitive damages. (Compl. at 9-10, ¶¶ 1-2.)

<u>DISCUSSION</u>

I. <u>Application to Proceed In Forma Pauperis</u>

Upon review of Plaintiff's declaration in support of his

---

[2] Plaintiff alleges that the Woe warrant was dated March 22, 2011 on p. 7, ¶ 26 and March 23, 2011 on p. 8, ¶ 27.

4

application to proceed in forma pauperis, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II. Application of 28 U.S.C. § 1915

A district court is required to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id. § 1915A(b).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173. L. Ed. 2d 868 (2009) (citation omitted). The

5

plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Id.; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

II. Section 1983

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983; accord Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create any independent substantive rights but rather is a vehicle to "redress . . . the deprivation of [federal] rights established elsewhere." Thomas v.

6

Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989). With these standards in mind, the Court considers Plaintiff's claims against the Defendants.

   A.   Claims Against Chicara, Ericksen, and Woe

Plaintiff names Chicara, Ericksen, and Woe, three New York State parole officers, as defendants. Plaintiff seeks to sue these individuals in their official and personal capacities. (Compl. at 2, ¶ 9.) Insofar as Plaintiff seeks to recover a damages award against these Defendants in their official capacities, they are immune from suit under the Eleventh Amendment. Papasan v. Allain, 478 U.S. 265, 276, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89-98-100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984).

The Eleventh Amendment bars suits brought by a state's own citizens in federal court. Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ., 466 F.3d 232, 236 (2d Cir. 2006) (citing Alden v. Maine, 527 U.S. 706, 712, 119 S. Ct. 2240, 144 L. Ed. 2d 636 (1999)). As an agency or arm of the State of New York, the New York State Board of Parole, Division of Parole, is immune from suit under the Eleventh Amendment. See In re Charter Oak Assocs., 361 F.3d 760, 765 (2d Cir. 2004) (citing Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 116 S. Ct. 1114, 134 L. Ed. 2d 252 (1996)); Heba v. New York State Div. of Parole, 537 F. Supp. 2d 457, 471

(E.D.N.Y. 2007) (dismissing Section 1983 claim against the New York State Division of Parole as barred by the Eleventh Amendment). The Supreme Court instructs that the Eleventh Amendment gives a state government immunity from suit, not just from liability. Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 121 L. Ed. 2d 605 (1993). Because the Division of Parole is immune from claims for damages under the Eleventh Amendment, so too are its employees when sued in their official capacities. See, e.g., Graham, 473 U.S. at 165-167, and n. 14 (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); Darcy v. Lippman, 356 F. App'x 434, 436-37 (2d Cir. 2009) ("Eleventh Amendment likewise bars [plaintiff] from pursuing a claim for damages against the individual defendants in their official capacities."). As such, Plaintiff's claims against these Defendants sued in their official capacities are barred by the Eleventh Amendment to the Constitution, Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 268, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997), and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii); 1915A(b)(2).[3]

---

[3] The Court notes that the Plaintiff's Section 1983 claims against the defendants in their official capacities must be dismissed for the additional reason that "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998); see also Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L.

8

B. <u>Personal Capacity Claims Against Chicara, Ericksen, and Woe</u>

Plaintiff's Section 1983 claims against Chicara, Ericksen, and Woe in their personal capacities shall proceed. Accordingly, the Court directs that the Clerk of the Court issue Summonses for Chicara and Ericksen and orders service of the Summons and Complaint upon Chicara and Ericksen by the United States Marshals Service ("USMS").

However, the USMS will not be able to effect service of the Summons and the Complaint on Woe without more information. The Second Circuit has held that district courts must provide <u>pro se</u> litigants with reasonable assistance in investigating the identity of such "John Doe" defendants. <u>See</u> <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75-76 (2d Cir. 1997) (<u>per</u> <u>curiam</u>). Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the New York State Attorney General. The Attorney General's Office is requested to attempt to ascertain the full name of the unnamed New York State Parole Officer who is described in the Complaint and to provide his name and address where he can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Attorney General's Office, Plaintiff's Complaint shall be deemed amended to reflect

---

Ed. 2d 45 (1989).

9

the full name of the Defendant identified by Plaintiff as "Woe", a Summons shall be issued for him, and the USMS shall serve copies of the Summons, Complaint, and this Order upon him. The Attorney General need not undertake to defend or indemnify Woe at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve this unidentified Defendant as instructed by the Second Circuit in Valentin.

    C.    Claims Against Goe, Noe, Coe, Joe, and Poe

Though thin, the Court declines to dismiss Plaintiff's Section 1983 claims against the individual Suffolk County Police and/or Corrections Officers identified by Plaintiff as Goe, Noe, Coe, Joe, and Poe at this early juncture. However, as detailed above, the USMS will not be able to effect service of the Summonses and the Complaint on these unnamed Defendants without more information. Accordingly, the Court ORDERS that the Clerk of the Court serve a copy of the Complaint together with this Order on the Suffolk County Attorney. The Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unnamed: (1) Suffolk County Police Officers who are described in the Complaint as "employed by the Suffolk County Police Department ("SCPD") and [who] were assigned to the SCPD's Seventh Precinct. . . ." (Compl. at 2, ¶ 4); and (2) Suffolk County Corrections Officers who are described in the Complaint as "employed by the Suffolk County Sheriff's Office and were assigned to its Correction

10

Division . . . at the Suffolk County Correctional Facility [] located at 100 Center Drive in Riverhead, New York." (Compl. ¶ 5.)

The Suffolk County Attorney is requested to provide the names of the Defendants identified by Plaintiff as Goe, Noe, Coe, Joe, and Poe and the addresses where these Defendants can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it. Once the information is provided to the Court by the Suffolk County Attorney's Office, Plaintiff's Complaint shall be deemed amended to reflect the full name of the Defendants identified by Plaintiff as Goe, Noe, Coe, Joe, and Poe, Summonses shall be issued for each of these Defendants, and the USMS shall serve copies of the Summonses, the Complaint, and this Order upon them. The Suffolk County Attorney need not undertake to defend or indemnify these Defendants at this juncture. This Order merely provides a means by which Plaintiff may properly name and serve these unidentified Suffolk County officers as instructed by the Second Circuit in <u>Valentin</u>.

D. <u>County of Suffolk</u>

It is well-established that a municipality such as Suffolk County cannot be held liable under § 1983 on a <u>respondeat superior</u> theory. See <u>Monell v. Dep't of Soc. Servs. of N.Y.C.</u>, 436 U.S. 658, 690-91, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); <u>Roe v. City of Waterbury</u>, 542 F.3d 31, 36 (2d Cir. 2008). To prevail on a Section 1983 claim against a municipality, a plaintiff must show

"that 'action pursuant to official municipal policy' caused the alleged constitutional injury." Cash v. Cnty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, --- U.S. ----, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)), cert. denied, --- U.S. ----, 132 S. Ct. 1741, 182 L. Ed. 2d 528 (2012); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels." Monell, 436 U.S. at 690-691 (citations omitted).

Here, affording the pro se Complaint a liberal construction, the Court declines to conclude at this early stage that Plaintiff's Section 1983 claim against Suffolk County is not plausible. Plaintiff's allegation that the County's "widespread practice, custom and policy of deliberate indifference to the fundamental constitutional rights of prisoners" (Compl. at 9, ¶¶ 32-33) presents "a colorable claim" such that dismissal "prior to service of process and the [D]efendant's answer" would be "improper." See, e.g., Benitez v. Wolff, 907 F.2d 1293, 1295 (2d Cir. 1990) (per curiam) ("Sua sponte dismissal of a pro se complaint prior to service of process is a draconian device, which is warranted only when the complaint lacks an arguable basis in law or fact."). Accordingly, Plaintiff's Section 1983 claims against Suffolk County shall proceed and the Clerk of the Court is directed

to forward copies of the Summons, Complaint, and this Order to the USMS for service upon the County of Suffolk.

## CONCLUSION

Plaintiff's application to proceed <u>in forma pauperis</u> is GRANTED and the Court ORDERS service of the Summonses and Complaint upon the County of Suffolk, Chicara, and Ericksen. Plaintiff's official capacity Section 1983 claims against Chicara, Ericksen, and Woe are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2).

The Clerk of the Court is further ordered to serve a copy of the Complaint together with this Order on the Suffolk County Attorney and the New York State Attorney General. The Suffolk County Attorney's Office is requested to attempt to ascertain the full names of the unidentified Suffolk County Police Officers and Suffolk County Corrections Officers who are described in the Complaint and to provide their names and address(es) where each such Defendant can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it.

The Attorney General's Office is requested to attempt to ascertain the full name of the unidentified Parole Officer who is described in the Complaint and to provide his name and address where he can be served to the Court and to Plaintiff within thirty (30) days of the date that this Order is served upon it.

Once the information is provided to the Court by the

13

Suffolk County Attorney's Office and the New York State Attorney General's Office, Plaintiff's Complaint shall be deemed amended to reflect the full names of the unnamed Defendants, Summonses shall be issued as to those Defendants, and the USMS shall serve those Defendants.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is further directed to mail a copy of this Memorandum and Order to the pro se Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January   27  , 2014
       Central Islip, New York