UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
KEVIN L. JEFFERSON,

                    Plaintiff,

                                          <u>MEMORANDUM & ORDER</u>
           -against-                      13-CV-5649(JS)(ARL)

JUDITH CHICARA, JOHN ERICKSEN,
ANTHONY COTOV, STEVE SISINO,
EDWARD FRANKS, MATTHEW GARRETT,
DAVID CAHILL, CHRISTOPHER CUMMINGS,
and THE COUNTY OF SUFFOLK,[1]

                    Defendants.
------------------------------------X

APPEARANCES
For Plaintiff:      Kevin L. Jefferson, <u>pro se</u>
                    8 Candlewood Road
                    N. Bay Shore, NY 11706


For Defendants
The State:          Dorothy O. Nese, Esq.
                    Office of the New York State Attorney General
                    200 Old County Road, Suite 460
                    Mineola, NY 11501


The County:         Brian C. Mitchell, Esq.
                    Suffolk County Attorney's Office
                    100 Veterans Memorial Highway
                    P.O. Box 6100
                    Hauppauge, NY 11788

---

[1] At the commencement of this action, Plaintiff named certain
defendants as unidentified, John Doe defendants.  The individual
whom Plaintiff sued as "Will Woe," has been identified as
defendant Cotov.  The remaining John Doe defendants have been
identified as Christopher Cummings, Steve Sisino, Edward Franks,
Matthew Garrett, and David Cahill.  Accordingly, the Clerk of
the Court is DIRECTED to amend this case's caption to substitute
the fictitious names of Gary Goe, Noel Noe, Carl Coe, Jack Joe,
and Pete Poe, with defendants listed above, respectively.

SEYBERT, District Judge:

Pro se plaintiff Kevin L. Jefferson ("Jefferson" or "Plaintiff") commenced this 42 U.S.C § 1983 action on October 8, 2013 against defendants Judith Chicara ("Chicara"), John Ericksen ("Ericksen"), and Anthony Cotov ("Cotov" and together with Chicara and Ericksen, the "State Defendants"), Suffolk County ("Suffolk"), Christopher Cummings ("Cummings"), Steve Sisino ("Sisino"), Edward Franks ("Franks"), Matthew Garrett ("Garret") and David Cahill ("Cahill" and together with Suffolk, Cummings, Sisino, Franks, and Garret, the "County Defendants"). Plaintiff alleges violations of his Fourth and Fourteenth Amendment rights in connection with his March 22, 2011 arrest and detention in Suffolk County. (Compl., Docket Entry 1, at 3.)

Pending before the Court are: (1) the motion of the State Defendants to dismiss for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rule 12(b)[2] (Docket Entry 17); (2) the motion of the County Defendants for judgment on the pleadings pursuant to Rule 12(c)[3] (Docket Entry 16); and

---

[2] By letter to the Court, the State Defendants have also moved to dismiss the Complaint as unopposed. (Ltr. Mot., Docket Entry 28.) By letter to the Court dated August 5, 2014, the State Defendants have withdrawn that motion. (Aug. 5, 2014 Ltr., Docket Entry 33.) Accordingly the Clerk of the Court is directed to terminate the State Defendants' Letter Motion.

[3] Suffolk represents that although it has identified all of the individuals that would have interacted with Plaintiff on the day

(3) Plaintiff's cross-motion against the State Defendants for expedited discovery (Docket Entry 27).  For the following reasons, the County Defendants' motion is GRANTED,[4] the State Defendants' Motion is GRANTED, and Plaintiff's cross-motion is DENIED.

## BACKGROUND[5]

On or about March 22, 2011, Defendant Cummings questioned Plaintiff in Mastic, New York.  (Compl. at 3, ¶ 1.)[6] After he learned Plaintiff's identity, Cummings contacted

---

his claim arose, it has been unable to identify precisely which of these individuals correspond to each John Doe defendant named in the Complaint.  (County's Br., Docket Entry 16-7, at 1.)  As discussed more fully in text, however, the Court does not need to identify with any more specificity each defendant in order to assess the sufficiency of Plaintiff's claims.

[4] Though the County Defendants have moved for judgment on the pleadings pursuant to Federal Rule 12(c), a 12(c) motion is improper because the pleadings in this case have not yet closed. See FED. R. CIV. P. 12(c) ("After the pleadings are closed . . . a party may move for judgment on the pleadings." (emphasis added)).  Nonetheless, the substance of the County Defendants' motion mirrors that of a Rule 12(b)(6) challenge to the legal basis of the Complaint.  Indeed, in briefing, the County Defendants argue that Plaintiff's claims should be dismissed. (See County's Br. at 2.)  Accordingly, the Court considers the County Defendants' motion as brought under Federal Rule 12(b)(6).  See, e.g, Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001) ("The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." (citations omitted)).

[5] The following facts are drawn from Plaintiff's complaint, and are assumed true for the purposes of the instant motions.

[6] The numbered paragraphs in Plaintiff's Complaint restart three times.  Therefore, the Court's citation to the Complaint gives both the numbered paragraph and the page number generated by the Electronic Case Filing System.

Plaintiff's parole officer, Defendant Chicara. (Compl. at 6, ¶ 21.) Chicara informed Cummings that Plaintiff was wanted for a parole violation. (Compl. at 6, ¶ 21.) Based on Chicara's statement, Cummings arrested Plaintiff. (Compl. at 3, ¶ 1.) Soon after, one of the County Defendants transported Plaintiff to the Suffolk County Jail. (Compl. at 4, ¶ 6.) When Plaintiff and the County Defendant arrived at the Suffolk County Jail, a third County Defendant informed the transporting officer that the facility could not receive Plaintiff because his corresponding paperwork was missing a parole retaking and temporary detention warrant. (Compl. at 5, ¶ 12.) Plaintiff was placed in a segregated holding cell while the County Defendants attempted to locate the warrant that authorized his arrest. (Compl. at 5, ¶ 14.)

Shortly after he was placed in the segregated holding cell, the County Defendants agreed to receive Plaintiff. (Compl. at 6, ¶ 15.) Prior to his admittance, Plaintiff asked whether his parole retaking warrant had been located, and a County Defendant indicated that although it had not, he would bring the warrant to the jail on the following day. (Compl. at 6, ¶ 17.)

Believing that he was arrested in the absence of a warrant, Plaintiff petitioned the New York State Courts for habeas relief. (Compl. at 7, ¶ 24.) At his hearing, the Suffolk County Assistant District Attorney produced a certified copy of the warrant authorizing Plaintiff's retaking. (Compl. at 7, ¶ 26;

State's Br., Docket Entry 18, Appx. 12.) The warrant was issued on March 18, 2011 by Defendant Erikson, and the copy of the warrant offered was certified by Defendant Cotov on March 23, 2011. (Compl. at 7, ¶ 26; State's Br. Appx. 12.) A timestamp on this copy of the warrant indicates that the Suffolk County Jail received it on March 23, 2011 at 3:55 PM. (State's Br. Appx. 12.) In light of the March 23 timestamp, Plaintiff argued that this copy of the warrant could not serve as the basis for his arrest or detention, because he was arrested on March 22, 2011. Plaintiff's matter was adjourned to a later date. (Compl. at 8, ¶ 28.)

At his second habeas hearing, the Suffolk County Assistant District Attorney offered a different certified copy of the same warrant authorizing Plaintiff's arrest. (Compl. at 8, ¶ 30.) This copy was certified March 22, 2011. (State's Br. Appx. 11.) According to Plaintiff, the fact that Defendants produced this earlier-certified copy of the warrant at the second habeas hearing conclusively evidences some impropriety by the County Defendants. (Pl.'s Cross Mot., Docket Entry 27, at 16-17.) Plaintiff's petition for habeas relief was ultimately denied.

On May 4, 2011, Plaintiff's parole hearing was held. Based on Chicara's testimony that Plaintiff failed to report as directed, the hearing officer found that probable cause existed to believe that Plaintiff had violated the terms of his parole. (State's Br. Appx. 15.) Later, Plaintiff's parole was revoked and

he was returned to the custody of the New York State Department of Corrections and Community Supervision.

According to Plaintiff, the fact that the warrant authorizing his arrest was issued three days before his arrest, on March 18, 2011, is of no moment. He argues that because Cummings apparently did not have a copy of the warrant at the time he arrested Plaintiff, and because the Suffolk County Jail did not have a copy of the warrant at the time it received Plaintiff, both the State Defendants and the County Defendants falsely arrested him. (Compl. at 3.)

Finally and in summary fashion, Plaintiff states that his alleged injuries resulted from both Suffolk County's and New York State's "widespread practice, custom and policy of deliberate indifference to the fundamental constitutional rights of prisoners." (Compl. at 9, ¶¶ 32-33.)

## DISCUSSION

The Court will first consider the State Defendants' jurisdictional challenge before assessing whether Plaintiff has stated a claim upon which relief can be granted as to any Defendant.

I.  The State Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

The State Defendants contend that the Rooker-Feldman doctrine divests the Court of subject matter jurisdiction because Plaintiff's state-court habeas petition was denied.

A.  Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings. See Morrison v. Nat'l Austl. Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008). Though the court must accept the factual allegations contained in the complaint as true, it will not draw argumentative inferences in favor of plaintiffs; subject matter jurisdiction must be shown affirmatively. See id.; Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113.

B.  The Rooker-Feldman Doctrine

The Rooker-Feldman doctrine divests a federal district court of subject matter jurisdiction "over suits that are, in substance, appeals from state-court judgments." Hoblock v. Albany Cnty. Bd. of Elecs., 422 F.3d 77, 84 (2d Cir. 2005); see also Rooker v. Fid. Trust Co., 263 U.S. 413, 416, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). The doctrine precludes a district court from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005). The doctrine therefore applies where: (1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgment; (3) the plaintiff invites district court review and rejection of that judgment; and (4) the state-court judgment was rendered before the district court proceedings commenced. Murphy v. Riso, No. 11-CV-0873, 2012 WL 94551, at *6 (E.D.N.Y. Jan. 12, 2012) (citing Hoblock, 422 F.3d at 85).

Here, Plaintiff complains that he was wrongfully detained when he was arrested by Cummings March 22, 2011. Because the detention of which he complains began prior to the state-court habeas proceeding, he is not complaining of an injury that was "caused by" a state-court judgment. See, e.g., McKithen v. Brown,

8

481 F.3d 89, 98 (2d Cir. 2007) ("[A] party is not complaining of an injury 'caused by' a state-court judgment when the exact injury of which the party complains in federal court existed <u>prior</u> in time to the state-court proceedings, and so could not have been 'caused by' those proceedings."). Though the state-court habeas proceeding ratified Plaintiff's allegedly unlawful detention after it commenced, the mere ratification is insufficient to trigger the application of the <u>Rooker-Feldman</u> doctrine. <u>See</u> <u>Hoblock</u>, 422 F.3d at 88 (requiring that the injury be "<u>produced</u> by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it" (emphasis added)). Thus, the <u>Rooker-Feldman</u> doctrine is inapplicable to Plaintiff's claims.

Accordingly, because Plaintiff alleges a violation of his constitutional rights and because the <u>Rooker-Feldman</u> doctrine is inapplicable to Plaintiff's claims, the Court has subject matter jurisdiction over Plaintiff's claims. <u>See</u> 28 U.S.C. § 1331.

II. <u>The County Defendants and the State Defendants' Motion to Dismiss for Failure to State a Claim</u>

Because Plaintiff's claims against the County Defendants and the State Defendants suffer from the same defects, the Court conducts a singular analysis.

A. <u>Legal Standard</u>

In deciding a Rule 12(b)(6) motion to dismiss, the Court applies a "plausibility standard," which is guided by "[t]wo

working principles." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009); Harris v. Mills, 572 F.3d 66, 71-72 (2d Cir. 2009). First, although the Court must accept all allegations as true, this "tenet" is "inapplicable to legal conclusions;" thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949-50; Harris, 572 F.3d at 72. Second, only complaints that state a "plausible claim for relief" can survive a Rule 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950. Determining whether a complaint does so is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.; Harris, 572 F.3d at 72.

In deciding a motion to dismiss, the Court is confined to "the allegations contained within the four corners of [the] complaint." Pani v. Empire Blue Cross Blue Shield, 152 F. 3d 67, 71 (2d Cir. 1998). However, this limitation has been interpreted broadly to include any document attached to the complaint, any statements or documents incorporated in the complaint by reference, any document on which the complaint heavily relies, and anything of which judicial notice may be taken. See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (citations omitted); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

Finally, although the Court is mindful of its obligation to read the pleadings of a pro se plaintiff liberally and to interpret the complaint "to raise the strongest arguments that they suggest," Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994), the Court notes that Plaintiff is no stranger to litigation in this Court. He is currently a plaintiff in six active cases. So while the Court reads the Complaint with the required leniency, it does so while observing that because Plaintiff is indeed familiar with the applicable formalities and pleading requirements, the Court's inclination to construe his pleadings liberally may someday wane. See Davidson v. Flynn, 32 F.3d 27, 31 (2d Cir. 1994) (finding an "extremely litigious" pro se litigant not entitled to having his pleadings construed liberally); c.f. Lerman v. Bd. of Elections in City of N.Y., 232 F.3d 135, 140 (2d Cir. 2000) (explaining that the liberal pleading standard is afforded to pro se litigants because "most pro se plaintiffs lack familiarity with the formalities of pleading requirements").

B.    False Arrest

Plaintiff's claims sound in false arrest. "Claims for false arrest . . . brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are substantially the same as claims for false arrest . . . under state law." Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003) (internal quotation marks and citation omitted).

To state a claim for false arrest under New York law, a plaintiff must allege that: "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." Broughton v. State of N.Y., 37 N.Y.2d 451, 456, 335 N.E.2d 310, 314, 373 N.Y.S.2d 87 (1975); Weyant v. Okst, 101 F.3d 845, 853 (2d Cir. 1996).

In Heck v. Humphrey, the Supreme Court added an additional hurdle to a prisoner seeking civil damages under § 1983 for false arrest. 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). Due to the overlap between § 1983 and the federal habeas corpus statute and the "hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments," the Court held that a § 1983 action for false arrest that would necessarily implicate the invalidity of an underlying conviction or sentence is not actionable unless the underlying conviction or sentence has already been invalidated. Heck, 512 U.S. at 486, 114 S. Ct. at 2372. Specifically, the Supreme Court explained:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such

determination, or called into question by a
federal court's issuance of a writ of habeas
corpus, 28 U.S.C. § 2254. A claim for damages
bearing that relationship to a conviction or
sentence that has <u>not</u> been so invalidated is
not cognizable under § 1983. Thus, when a
state prisoner seeks damages in a § 1983 suit,
the district court must consider whether a
judgment in favor of the plaintiff would
necessarily imply the invalidity of his
conviction or sentence; if it would, the
complaint must be dismissed unless the
plaintiff can demonstrate that the conviction
or sentence has already been invalidated.

<u>Id.</u> at 486-87; 114 S. Ct. at 2372.

Additionally, "[f]ederal courts have held that <u>Heck</u>
applies to Section 1983 actions that challenge the fact or duration
of confinement based on the revocation of parole." <u>Davis v. Cotov</u>,
214 F. Supp. 2d 310, 316 (E.D.N.Y. 2002) (collecting cases); <u>Lee
v. Donnaruma</u>, 63 F. App'x 39, 41 (2d Cir. 2003); <u>Pugh v. Wright</u>,
No. 13-CV-7350, 2014 WL 639421, at *2 (E.D.N.Y. Feb. 14, 2014).

Accordingly, Plaintiff must allege that his arrest and
detention has been reversed, expunged, or declared invalid, for a
civil action before this Court is not the appropriate vehicle to
challenge, in the first instance, the validity of that action.
<u>See Heck</u>, 512 U.S. at 486, 114 S. Ct. at 2372. Plaintiff does not
allege that he has succeeded in establishing the invalidity of his
arrest and detention during the parole hearing process in an
appropriate state or federal proceeding. As a consequence, the
Court finds that the Complaint fails to state a cognizable § 1983

claim.  McClinton v. Henderson, No. 13-CV-3335, 2014 WL 2048389, at *6 (E.D.N.Y. May 19, 2014); Davis, 214 F. Supp. 2d at 317.

Even assuming Plaintiff could somehow avoid Heck's bar, Plaintiff has not suffered a constitutional injury.  While Plaintiff argues that the Defendants did not have a valid copy of the warrant with them at the time of his arrest and detention, Plaintiff's contention does not change that a warrant was issued. Cummings' knowledge of the issued warrant amounts to probable cause.  See Omar v. City of N.Y., No. 13-CV-2439, 2015 WL 857587, at *5 (S.D.N.Y. Feb. 27, 2015) ("Probable cause exists to arrest when an officer learns of an open arrest warrant."); Martinez v. City of N.Y., 340 F. App'x 700, 702 (2d Cir. 2009).  Thus, Plaintiff cannot state a § 1983 because Cummings had probable cause to arrest him.  Singer v. Fulton Cnty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause."); see also United States v. Jackson, 22 F.R.D. 38, 41 (S.D.N.Y. 1958) (explaining that the a arrest of a defendant for parole violation pursuant to a warrant is a lawful arrest even though arresting officers did not have a warrant or a copy thereof in their possession).

Plaintiff appears to argue in his cross motion that the warrant offered by Defendants is a fraudulent document.  Such allegations are not in the Complaint, and even if they were, Plaintiff's claims still fail for lack of a constitutional injury.

Arresting an individual for a parole violation without a warrant does not run afoul of the United States Constitution. United States v. Bernacet, 724 F.3d 269, 278-79 (2d Cir.), cert. denied, 134 S. Ct. 806, 187 L. Ed. 2d 610 (2013). In People v. Bratton, the New York Court of Appeals held that New York State's parole scheme prohibited the arrest of parolee for a violation of his parole without a valid retaking warrant. 8 N.Y.3d 637, 640, 870 N.E.2d 146, 148, 838 N.Y.S.2d 828 (2007). This legislation, however, does not create a constitutional cause of action for a warrantless parole retaking. See id. (The legislation has changed since 1978, but the constitutional analysis has not.").[7]

CONCLUSION

For the foregoing reasons, the State Defendants' motion to dismiss (Docket Entry 17) is GRANTED, and the County Defendants' motion to dismiss (Docket Entry 16) is GRANTED; Plaintiff's claims are DISMISSED WITH PREJUDICE.[8] Plaintiff's cross-motion for expedited discovery (Docket Entry 27) is DENIED.

---

[7] Because the Court finds that Plaintiff's action is barred by Heck v. Humphrey and, in any event, Plaintiff has not alleged a constitutional injury, the Court does not reach Defendants' remaining arguments, such as qualified immunity and the lack of a municipal custom or policy under Monell v. Dep't of Soc. Servs. of N.Y.C., 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978).

[8] Although the disposition of a case on Heck grounds generally warrants only dismissal without prejudice, because the suit may be reinstituted should the plaintiff's conviction be invalidated, Amaker v. Weiner, 179 F.3d 48, 52 (2d Cir. 1999),

As discussed in footnote two, the Clerk of the Court is directed to terminate the State Defendants' Letter Motion (Docket Entry 28.)  The Clerk of the Court is directed to mark this case CLOSED and mail a copy of this Order to the <u>pro</u> <u>se</u> Plaintiff.


SO ORDERED.


/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.


Dated:    March __26__, 2015
          Central Islip, New York

---

as discussed <u>supra</u>, <u>Heck</u> is not the only fatal infirmity in Plaintiff's claim, and a dismissal with prejudice is therefore warranted.